**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHER DIVISION**

SONIA M. EVANS, for DCB, minor,

     Plaintiff,

                                       Case No: 11-11862

v.

                                       HONORABLE DENISE PAGE HOOD

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**
**and REMANDING ACTION**

     This matter is before the Court on Magistrate Judge Lauri J. Michelson's Report and Recommendation filed March 21, 2012. An Objection was filed by the Commissioner of Social Security on April 18, 2012 and Plaintiff Sonia M. Evans, on behalf of her minor child, DCB, responded to the Objection on May 1, 2012.

     Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support

a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1989); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In the Objections, the Commissioner argues that Plaintiff did not raise in her brief the issue of whether DCB's impairments met or medically equaled a childhood Listing 112.11 (Attention Deficit Hyperactivity Disorder), and that the Magistrate Judge raised the issue sua sponte. The Commissioner also argues that the Magistrate Judge raised a heightened review requirement as to Step Three of the sequential three-step process for determining children's disability claims.  The Commissioner further argues that contrary to the Magistrate Judge's conclusions, the ALJ gave adequate reasoning for his findings that Plaintiff failed to meet the criteria in Listing 112.11. Plaintiff responds that it noted in her brief that the ALJ failed to properly consider the application of Listing 112.11 and that the ALJ failed to support his findings.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons.  The Court finds that Plaintiff did raise the ALJ's failure to properly consider the application of Listing 112.11 in her brief, therefore, the Magistrate Judge did not consider the issue sue sponte.  (See, Plaintiff's Brief, p. 3)

The Court agrees with the Magistrate Judge that the ALJ did not provide an adequate meets or medically equal analysis as to Listing 112.11 Parts A and B.  The Court further agrees with the Magistrate Judge that the ALJ's findings did not cite, discuss or resolve any conflicts in the evidence in concluding that DCB's impairment did not meet or medially equal a Listing. The Commissioner's argument that the Magistrate Judge placed a heightened review requirement as to Step Three is without merit since the Magistrate Judge merely noted that the regulation mandated a "special

technique" for evaluating mental impairments at step three. The Court also agrees with the Magistrate Judge that the ALJ's failure to do so was not harmless.

As to the ALJ's functional equivalence findings, the Court agrees with the Magistrate Judge that Plaintiff failed to establish that the ALJ's findings were not supported by substantial evidence. However, as recommended by the Magistrate Judge, if on remand the ALJ finds facts that would materially affect the existing functional equivalence analysis, the ALJ should so alter that analysis accordingly.

Pursuant to the Magistrate Judge's recommendation, this matter is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id.* A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan,* 501 U.S. 101-

02.  Failure to remand under sentence four and retention of jurisdiction is error.  *Shalala v. Schaeffer,* 509 U.S. 292, 299 (1993).  A sentence four remand is a judgment for the plaintiff.  *Id.* at 302 (citations omitted).

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Laurie J. Michelson filed March 21, 2012 **(Doc. No. 19)** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **(Doc. No. 15, filed October 20, 2011)** is GRANTED in part and DENIED in part, as more fully set forth above and in the Report and Recommendation.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **(Doc. No. 18, filed December 21, 2011)** is DENIED.

IT IS FURTHER ORDERED that this matter is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  July 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

4